VICTORIA D. MORRIS, on Behalf of Herself and All Others Similarly Situated, Plaintiff-Appellee, v. ELMHURST MOTORS, INC., *et al.*, Defendants-Appellants.

First District (3rd Division)    No. 1—91—2737

Opinion filed December 28, 1994.

Robert E. Senechalle, Jr., of Forest Park, for appellants.

Daniel A. Edelman and Lawrence Walner, both of Chicago, for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Victoria D. Morris, filed this action for rescission and damages against defendants, Elmhurst Motors, Inc. (Elmhurst Motors), Ford Motor Credit Company (Ford Credit), Thomas Misenga and Kenneth D. Bitout, for their alleged conversion of her "trade-in" automobile and violations of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1987, ch. 121$^1$/$_2$, par. 261 *et seq.*). Ford Credit filed a counterclaim. Plaintiff filed an amended complaint seeking class action status. Plaintiff's case was later dismissed for want of prosecution. Plaintiff then filed a petition under section 2—1401 of the Code of Civil Procedure (Code) to vacate the dismissal order (Ill. Rev. Stat. 1991, ch. 110, par. 2—1401). Plaintiff's petition was granted. Defendants now appeal from the order granting the petition. We affirm and remand.

The sole question for review by this court is whether the trial court erred in granting plaintiff's section 2—1401 petition.

This action arose from plaintiff's purchase of a new automobile from defendant Elmhurst Motors. On December 29, 1987, plaintiff filed a three-count complaint against defendants alleging that she had been induced to purchase a new Ford automobile from defendant Elmhurst Motors whereupon defendant promised her certain financing and payment terms. Plaintiff alleged that defendant Elmhurst Motors gave her possession of the new automobile and took her old trade-in automobile before the financing agreement was signed. Plaintiff alleged that when she returned to the dealership to sign the financing agreement, she was told that the promised financing terms were not available and that she had no alternative but to sign a more expensive financing agreement because she had already taken possession of the new automobile and defendant had already sold her trade-in. Although plaintiff was upset, she signed the agreement as directed.

In December of 1988, defendant Ford Credit filed a counterclaim for breach of its finance agreement with plaintiff. On January 23, 1989, plaintiff filed an amended complaint which named Thomas Misenga, president, chief executive officer and principal shareholder of defendant Elmhurst Motors, and Kenneth D. Bitout, finance manager of defendant Elmhurst Motors, as additional defendants. The amended complaint also included allegations and a prayer for relief on behalf of a class.

In early 1989,.plaintiff sought supplemental discovery and class certification. On September 15, 1989, a briefing schedule and a hearing date of November 7, 1989, were set for plaintiff's pending discovery and class certification motions. During the latter part of 1989, there were also ongoing settlement negotiations between the parties.

The event which gave rise to this appeal occurred on March 13, 1990. On that date, plaintiff's claims and defendant Ford Credit's counterclaims were dismissed for want of prosecution (DWP'd) during a calendar call, at which none of the parties was present. The entry of the DWP order was not noticed by anyone until May of 1991. On May 17, 1991, plaintiff received notice from the clerk of the circuit court that a fee payable to vacate the DWP order should be paid to the clerk's office. Plaintiff paid the fee. On May 24, 1991, plaintiff filed a section 2—1401 petition which was written on the assumption that counsel had missed a calendar call. The trial court granted plaintiff's motion to vacate the DWP order. Defendants then filed a notice of appeal.

A petition to obtain relief under section 2—1401 of the Code invokes broad equitable powers on the part of the trial court, the

judgment of which, based upon the totality of the circumstances surrounding the dismissal, will not be overturned absent an abuse of discretion. (*Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 221, 499 N.E.2d 1381, 1386.) The specific criteria to be used in evaluating the propriety of a grant of a section 2—1401 petition are whether the petitioner has a meritorious defense or claim, and whether plaintiff has been diligent both in presenting the defense or claim to the trial court in the original action, and in petitioning the court for relief under section 2—1401. *Smith*, 114 Ill. 2d at 220-21, 499 N.E.2d at 1385.

With regard to the first criterion, we hold that the complaint is meritorious. The allegations that defendants compelled prospective purchasers to agree to financing terms that were materially different from the terms originally agreed upon by the parties, on the basis that the automobiles traded in by the purchasers were resold soon after the purchasers took possession of their new automobiles, but before financing was approved, constitute an actionable claim.

In regard to the second criterion, defendants allege that plaintiff failed to exercise due diligence as evidenced by plaintiff's inaction between March 19, 1990, and May 14, 1991, the dates upon which letters discussing a possible settlement were drafted. The record, however, suggests that up to the time of dismissal, plaintiff exercised due diligence. Plaintiff defended a motion to dismiss, took discovery depositions, argued in support of her leave to amend her complaint based upon preliminary discovery, amended her complaint, took further discovery depositions and filed motions for class certification. Around the time of the calendar call and the time plaintiff became aware that a dismissal order had been entered in the case, plaintiff was engaged in settlement negotiations with defendants. Plaintiff also filed a section 2—1401 petition immediately after learning that a dismissal order had been entered in her case. Accordingly, we hold that plaintiff exercised due diligence and presented a meritorious defense.

For the above reasons, this case is affirmed and remanded to the trial court for further proceedings consistent with this opinion.

Affirmed and remanded.

TULLY, P.J., and CERDA, J., concur.